On Application for Rehearing.
This application is made for the exclusive purpose of obtaining an alteration of the judgment appealed from, which is absolute, and orders the hypothecated property unconditionally sold to pay the *1109 hypothecary indebtedness of his judgment debtor, Thompson — the appellant’s contention being that plaintiff is only entitled to a judgment in the alternative, commanding defendants and third possessors “ either to give up the property or pay the amount for which it stands hypothecated.” O. P. 68, 74.
We are of opinion that he is entitled to this amendment. Vide Desorby vs. Oarmena, 9 An. 180. Taking that case as our guide, we will so alter our decree as to make it conform thereto; but for that purpose a rehearing is unnecessary.
It is therefore ordered, adjudged and decreed that the judgment and decree appealed from be so altered in phraseology and amended as to read as follows, viz.: “ It is ordered, adjudged and decreed that the defendants deliver up the hypothecated property which is described in the plaintiff’s petition, to be sold in satisfaction of the plaintiff’s and appellee’s hypothecary claim as set forth in his petition, viz.: the sum of thirty-seven hundred and sixty-eight and ninety-hundredths dollars ($3768.90), with 5 per cent, per annum interest from March 21,1890, until paid, and costs, subject to a credit of eleven hundred and forty-eight and ninety-nine-hundredths dollars ($1148.99), with like interest.”
And it is further ordered and decreed that, in default of defendants’ surrendering said property for sale as aforesaid, within ten days from demand, that said defendants pay to the plaintiff the aforesaid sum, with interest and cost of suit, not including costs of seizure and sale of the mortgaged property, which must be paid from the proceeds of sale when made, the costs of appeal to be taxed against the plaintiff and appellee.
It is further and finally ordered and decreed that, as thus amended, our former judgment remain undisturbed.
Rehearing refused.